

38-08 Union Street Suite 9B, Flushing NY 11354
Tel: (718) 886-5900   Fax: (718) 886-5993

**Xue J. Huang, Esq.**
Xhuang@hcwlawgroup.com
*admitted in NY and NJ*
www.hcwlawgroup.com

August 9, 2020

Via ECF
Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    CHI CHEN V. A & T ENGINEERING, P.C., ROBERT H. LIN a.k.a ROBERT HONG LIN, and DANIEL LIN (Motion for a Pre Motion Conference)

Docket No.:   1:20-cv-03166-ENV-JO

Dear Judge Vitaliano:

We represent Defendants A & T Engineering, P.C., Robert H. Lin A.K.A Robert Hong Lin, and Daniel Lin (the "Defendants") in the above-captioned FLSA action. Pursuant to Your Honor's Individual Rules and Procedures, we are writing to request a pre motion conference for the filing of a motion to dismiss Count VI and VII of Plaintiffs' Complaint under Rule 12(b)(6).

I.    <u>Court VI of the Complaint for Unjust Enrichment Against the Defendants Should be Dismissed</u>

According to Count VI of the Complaint, Plaintiff seeks to recover monetary damages from Defendants based on a claim of unjust enrichment. Count VI of the Complaint alleges that "Defendants intentionally misclassified Plaintiff and Rule 23 class members as independent contractors so that Defendants could avoid paying the employer's portion of Social Security tax and Medicare tax assessed on Plaintiff and the rule 23 class members' earnings." (Complaint 116). The Complaint further alleges that as a result of the misclassification, "Plaintiff and rule 23 class members suffered financial losses equal to 7.675% of their total annual earnings from Defendants, and Defendants were enriched by the same amount that was lost by Plaintiff and rule 23 class members." (Complaint 117).

Count VI of the Complaint should be dismissed because it is barred under applicable federal tax law. Here, the common law cause of action of unjust enrichment was in fact a tax

1

recovery claim. Ferro v Metro. Ctr. for Mental Health, 13 CIV. 2347 PKC, 2014 WL 2039132, at *3 (SDNY May 16, 2014) (holding that the damages that plaintiffs are attempting to recover from their overpayment of taxes as a consequence of the employer's misclassification of the employee as independent contractor is properly characterized as a tax recovery claim). See Johnson v S. Farm Bur. Life Ins., 213 F3d 635 (5th Cir 2000).

The Internal Revenue Code (the "IRC") provides for a civil action to recover "any internal revenue tax alleged to have been erroneously or illegally assessed or collected." 26 U.S.C. § 7422. However, such an action "may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1). Courts have interpreted the relevant sections of the IRC to mean that an action against the government is an exclusive remedy for a plaintiff and actions against private defendants are barred by the applicable statutes. See Ferro at *3 (SDNY May 16, 2014). A private employer, thus, would not be liable to an employee for the amount of tax paid to the government. Id. The proper course of action for a Plaintiff to recover any overpayment of taxes would be to bring a suit against the Government. Id. Consequently, Plaintiff's unjust enrichment claim against Defendants should be dismissed because Plaintiff does not have legal standing to bring a claim against Defendants to recover the overpayment of taxes.

II. Count VII of the Complaint for Breach of Contract against Defendants Should be Dismissed

Count VII of the Complaint alleges that "Defendants promised to pay [Plaintiff] that on or after September 6, 2019, [Plaintiff] would be paid at $31.5 per hour in exchange for his work at A&T Engineering, P.C." (Complaint ¶120). It alleges that Defendants breached such promise when Plaintiff only received $20.50 per hour for his work until his resignation on June 5, 2020.

"Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will terminable at any time by either party." Diskin v Consol. Edison Co. of N.Y., Inc., 135 AD2d 775, 777 (2d Dept 1987). "[W]hen parties have an employment contract terminable at will, the contract can be modified and different compensation rates fixed without approval of the other party since the dissatisfied party has a right to leave his employment." Gen. Elec. Tech. Services Co. Inc. v Clinton, 173 AD2d 86, 88 (3d Dept 1991).

Here, Plaintiff, an at-will employee, cannot maintain a breach of contract claim against Defendants. The Complaint contains no allegations that Plaintiff employment with the Defendants was for a fixed duration instead of an at-will relationship. As an at will employee, Plaintiff may not maintain a breach of employment contract claim against Defendants. Moreover, Plaintiff's claim is further contradicted and defeated by his acceptance of the alleged payment amount for a period of over nine months until his resignation from the company.

Therefore, Count VII of the Complaint should be dismissed because it is not a valid legal claim against the Defendants.

Based on the foregoing reasons, we respectfully request a pre-motion conference with the court for the filing of a motion to dismiss Count VI and VII of the Complaint against Defendants. We thank the court for its consideration of our request.

Very truly yours,

/s/Xue J. Huang

cc: all appearing parties (via ECF)